Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Proposed Counsel for Baltimore Harlem Park*
*Investment, LLC and for Ruby Jude City LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 21-249-ELG |
| | ) | (Chapter 11) |
| BALTIMORE HARLEM PARK INVESTMENT, LLC | ) ) | |
| | ) | |
| Debtor. | ) ) | |
| | ) | |
| In re: | ) ) | Case No. 21-254-ELG |
| | ) | (Chapter 11) |
| RUBY JUDE CITY LLC | ) | |
| | ) | |
| Debtor. | ) ) | |

**MOTION TO JOINTLY ADMINISTER CASES**

Come now Ruby Jude City LLC ("RJC") and Baltimore Harlem Park Investment, LLC ("BHPI"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 1015, and move this Honorable Court to jointly administer the two above-captioned cases, and in support thereof state as follows:

**I.    Introduction**

Eleven days ago, BHPI filed a petition for relief in this Honorable Court so as to endeavor to reorganize its affairs through the subchapter V process. Yesterday, RJC – an entity wholly owned by BHPI – did, too, file a petition for relief, for the transparent purpose of staying the

1

foreclosure of real estate assets on which it holds a lien junior to those arising on account of unpaid taxes. The RJC bankruptcy has been brought about precisely to support the BHPI bankruptcy; but for the BHPI bankruptcy, there would be no RJC bankruptcy.

To be sure, both debtors are in the same line of business (with RJC being the only scheduled asset of BHPI).[1] Both debtors are fixated on the same real estate properties. Both debtors have the same proposed counsel. And both debtors' prospects of reorganization will rise – or fall – in unison with one another.

For these reasons, and as extrapolated upon *infra*, it is respectfully submitted joint administration of these two cases is appropriate, will promote judicial economy, and ought to be afforded *sub judice*.

## II.     Background Facts

RJC was created on February 3, 2014 "to own and operate real estate investments." *See* Ruby Jude City Articles of Organization, attached hereto as Exhibit A. The following month, RJC was assigned a deed of trust securing a promissory note originated by Bradford Bank and subsequently conveyed to Manufacturers and Traders Trust Company when Bradford Bank was closed by the Office of Thrift Supervision and seized by the Federal Deposit Insurance Corporation. *See* Assignment of Indemnity Deed of Trust, attached hereto as Exhibit B.

Less than four weeks later, the whole of RJC was sold to BHPI. *See* Purchase and Sale Agreement, attached hereto as Exhibit C. At all times since, BHPI has remained the sole member

---

[1] BHPI is in the process of exploring whether or not it may hold other assets in the form of litigation claims. Such is immaterial to this motion, however.

of RJC, and BHPI's business operations have been primarily focused on the administration of RJC and the loan documents assigned to RJC.[2]

The deed of trust securing the promissory note held by RJC sets forth 34 separate parcels of collateral in Baltimore City, Maryland. *See* Indemnity Deed of Trust, attached hereto as Exhibit D. Upon information and belief, the majority of these parcels have since been foreclosed by tax certificate holders and are no longer encumbered by RJC's lien. However, it is believed at least six parcels remain subject to the lien, four of which are presently in some stage of foreclosure proceedings and one of which is currently subject to a proceeding to have a receiver appointed.[3]

As BHPI navigates its own subchapter V bankruptcy with aims of successfully reorganizing, BHPI – in its capacity as debtor-in-possession – has filed a petition for relief on behalf of RJC, with the transparent objective of staying the aforementioned foreclosure and receivership proceedings. *See, e.g.*, *In re Three Strokes Ltd. P'ship*, 397 B.R. 804, 807 (Bankr. N.D. Tex. 2008) ("To reiterate, the Arizona Property itself is certainly ***not*** property of the estate, but the second lien interest of the Debtor in that property ***is*** a property interest worthy of recognition and protection. Thus, Section 362 applies to automatically stay the foreclosure proceedings. The foreclosure proceedings could have the effect of extinguishing the Debtor's second lien interest. The foreclosure proceedings would constitute an exercise of control over property of the estate, pursuant to Bankruptcy Code Section 362(a)(3).") (emphasis in original).

---

[2] As noted elsewhere, the majority of BHPI's existence has actually been consumed by litigation. Such litigation is separately categorized from BHPI's actual business operations and, in any event, has most often been focused on the value of the RJC asset and the manner in which the details of the RJC asset have been conveyed, *vel non*, to others.

[3] It is not clear if the property subject to the receivership proceeding is also subject to a foreclosure proceeding. The online records of the District Court of Maryland do not disclose the address of assets subject to receivership proceedings, but further due diligence will be conducted on this matter.

Quite plainly, a successful reorganization of BHPI will very likely be tethered to BHPI's procurement of funds sufficient to redeem RJC-encumbered assets from tax sales, to the extent there exists equity in those encumbered assets. As BHPI looks to expeditiously reorganize in this Honorable Court, it is essential to BHPI's prospects of success that such opportunities not be lost through the foreclosure of RJC's collateral by others.

### III.     Argument: Joint Administration is Appropriate

While the two debtors do maintain separate respective formalities and should not be conflated with one another, their existence is so overlapping in nature as to be necessarily suggestive of an order of joint administration. The issues facing one debtor will, to a very large degree, concern the other debtor. And all involved in the BHPI bankruptcy will, no doubt, have a keen interest in seeing RJC be able to maximize value through either (i) strategically foreclosing certain encumbered assets; or (ii) enforcing its assignment of leases on the encumbered properties.

The Federal Rules of Bankruptcy Procedure plainly contemplate joint administration of cases. *See* Fed. R. Bankr. P. 1015. As noted by one court:

> Joint administration is provided for in Fed. R. Bankr.P. 1015(b). It is meant to aid the Court in expediting proceedings and to make the cases less costly. Generally, joint administration provides for jointly-held § 341 meetings and other consistent deadlines. Joint administration is designed for the ease of administration… Unlike administrative consolidation, joint administration does not create substantive rights.

*In re Cooper*, 2003 WL 1965711, at *2 (Bankr. N.D. Iowa 2003).

Here, joint administration would promote the very ends spoken to by the *Cooper* Court. Such will expedite matters, promote judicial economy, allow for consolidated status conferences, and make these two small business cases appreciably less costly than if administered separately. Moreover, if the Office of the United States Trustee is willing to hold a joint meeting of creditors,

the same will, too, prove quite economical, as it is difficult to conceptualize the eccentricities of the BHPI bankruptcy without fully addressing the RJC bankruptcy.

Further, quite pragmatically, if RJC is going to be funded with monies to redeem encumbered assets from tax lien foreclosure sales, the subject funds will almost-assuredly either come from BHPI (likely through contributions of equity or procurement of loans) or require the approval of BHPI in its capacity as RJC's sole member. BHPI's business plan is to make RJC's business work; the two entities' futures are largely inseparable.

To be clear, however, the debtors do *not* seek substantive consolidation of their respective cases. BHPI has various creditors with complex claims that will need careful attention; RJC does not believe it has any actual creditors and, to the contrary, has scheduled a series of taxing authorities in an abundance of caution. The BHPI bankruptcy is geared toward working out a multi-faceted consensual plan of reorganization that can be approved by all involved; the RJC bankruptcy is geared toward staying certain foreclosure proceedings so as to allow BHPI to reach that consensual plan of reorganization. These are not one and the same case, but they are very much related cases.

### IV.     Conclusion

WHEREFORE, BHPI and RJC respectfully pray this Honorable Court (i) enter an order directing their respective cases be jointly administered; and (ii) afford such other and further relief as may be just and proper.

**[SIGNATURE AND CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

Respectfully submitted,

Dated: October 18, 2021     By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Proposed Counsel for RJC and BHPI*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of October, 2021, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig